UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILLIAM J. JACKSON,**

    **Plaintiff,**

v.                                                                                                       Case No: 5:16-cv-104-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

This matter is before the Court on the Commissioner's motion to dismiss Plaintiff's Complaint on the grounds that it was not timely filed. (Doc. 12). Plaintiff did not file a response to the motion. Accordingly, the Court directed Plaintiff to show cause on or before November 22, 2016 why the motion should not be granted, and admonished Plaintiff that "his [f]ailure to file a response will result in the dismissal of this action without further notice." (Doc. 18). To date, Plaintiff has failed to respond to both the motion and the order to show cause.

Plaintiff filed an application for disability insurance benefits. On May 16, 2014, an Administrative Law Judge (ALJ) issued an unfavorable decision denying Plaintiff's claim for benefits. (Doc. 13-1 at 4-18). Plaintiff requested review by the Appeals Council. On November 24, 2015, the Appeals Council sent, by mail addressed to Plaintiff at 2772 NE 164th Street, Citra, FL 32113, notice of its action on Plaintiff's request for review and of his right to commence a civil action with sixty (60) days from the date of receipt. (Doc. 13-2).

Under 42 U.S.C. § 405(g), claimants may seek review of a final decision of the Commissioner of Social Security by filing a complaint with the district court within sixty days

- 2 -

from the date of receipt. The date of receipt is presumed to be five days after mailing unless there is a reasonable showing to the contrary. 42 U.S.C. § 405(g). The Appeals Council did not grant Plaintiff an extension of time to file a civil action (nor did he request one). Accordingly, Plaintiff had until January 28, 2016 to file his appeal with this Court. However, the record shows that he did not file this action until February 26, 2016. (Doc. 1).

The Supreme Court has noted that "the 60–day requirement is not jurisdictional, but rather is a statute of limitations waivable by the parties." *Bowen v. City of New York,* 476 U.S. 467, 476 (1986). In *City of New York,* the Supreme Court explained that where Congress authorized the final decision maker for the Social Security disability benefits determinations to toll the statute of limitations, it was "expressing its clear intention to allow tolling in some cases ... [as] cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* at 480, *quoting Mathews v. Eldridge,* 424 U.S. 319, 330 (1976). The Supreme Court suggested that extensions may be granted for such reasons as "illness, accident, destruction of records, or mistake ... where the claimant misunderstands the appeals process or is unable timely to collect necessary information." *Id.* at n. 12. In this case, Plaintiff has not offered any explanation for his failure to timely file this action, let alone circumstances that would justify equitable tolling of the 60-day requirement.

Accordingly, because Plaintiff did not file for judicial review within 60 days after presumptive receipt of the notice of the Commissioner's final decision, the Commissioner's motion to dismiss (Doc. 12) is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

**DONE** and **ORDERED** in Ocala, Florida on November 29, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties